UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DASHAUN WRIGHT,<br><br>  Plaintiff,<br>v.<br>RENEE BAKER, et al.,<br><br>  Defendants. | Case No. 3:15-cv-00219-MMD-VPC<br><br>AMENDED ORDER |

This matter comes before the Court on several pending motions filed by Plaintiff. (Dkt. no. 8, 9, 10).

I.  **MISCELLANEOUS MOTIONS**

  A.  **Motion for Immediate Relief/Hearing (dkt no. 8)**

In this motion, Plaintiff requests immediate relief and to be removed from custody of the Massachusetts and Nevada state prisons as both states have engaged in "exploitation" of Plaintiff. (Dkt no. 8 at 1.) In the alternative, he seeks transfer to Lovelock State Prison and placement in protective custody. (*Id.* at 4).

There is no constitutional right to be housed in a particular unit in prison or the facility of one's choice. *See Meachum v. Fano*, 427 U.S. 215, 255 (1976), and *McCune v. Lile*, 536 U.S. 24, 38 (2002). Additionally, prison housing assignments are functions wholly within the discretion of the prison administration. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976). The Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons, especially those things related to security, a task which is best left to prison

officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987) (First Amendment claims). Plaintiff is not entitled to a transfer. Plaintiff's motion for immediate relief is denied.

### B. Motion for Modification of Record (dkt no. 9)

In this motion, Plaintiff seeks to correct the names of two defendants named in his complaint. He seeks to change "Ronald Blake" to the correct defendant, "Ronald Bryant," and "Oxborrow" changed to the defendant's full name, "Michael Oxborrow." The Court will grant this motion and have the docket updated to reflect these corrected names.

### C. Motion for Stay of Amended Complaint (dkt no. 10)

On October 7, 2015, the Court issued a screening order (dkt. no. 6) dismissing Plaintiff's complaint and giving him thirty (30) days to file an amended complaint. Plaintiff seeks a "stay" of the filing of his amended complaint so that he may conduct discovery.

Plaintiff is not entitled to discovery until he has stated a colorable claim for relief and defendants have been served. To the extent that this is a request for discovery, it is denied. The Court will extend the deadline for Plaintiff's amended complaint. Plaintiff shall file his amended complaint within thirty (30) days from date of this order.

## II. CONCLUSION

It is therefore ordered that Plaintiff's Motion for Immediate Relief/Hearing (dkt no. 8) is denied.

It is further ordered that Plaintiff's Motion for Modification of Record (dkt no. 9) is granted. The docket shall be corrected to reflect defendant "Ronald Bryant" instead of "Ronald Blake" and "Michael Oxborrow" instead of "Oxborrow."

It is further ordered that Plaintiff's Motion for Stay of Amended Complaint (dkt no. 10) is granted in part and denied in part. Plaintiff is not granted leave to seek discovery prior to stating a colorable claim and defendants being properly served. Plaintiff is

///

granted thirty (30) days from date of this order to file an amended complaint, in accordance with the screening order (dkt. no 6) filed on October 7, 2015.

It is further ordered that if Plaintiff fails to file an amended complaint curing the deficiencies outlined in the screening order (dkt. no. 6), this action will be dismissed without prejudice.

DATED THIS 21st day of October 2015.

                    MIRANDA M. DU
                    UNITED STATES DISTRICT JUDGE