UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DASHAUN WRIGHT,<br><br>                    Plaintiff,<br>    v.<br><br>RENEE BAKER, et al.,<br><br>                    Defendants. | Case No. 3:15-cv-00219-MMD-VPC<br><br>SCREENING ORDER |

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted an amended civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis* and several motions. (ECF Nos. 18, 1, 15, 20, 21, 26, 27, 28, 29, 31, 35, 36, 38, 39.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the

United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

///

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF COMPLAINT

On October 7, 2015, the Court issued a screening order on Plaintiff's complaint. (ECF No. 6.) The Court found that the Plaintiff's allegations, which centered around a conspiracy to exploit Plaintiff by brainwashing him and using other torture tactics, were fanciful and frivolous. (*See id.* at 4.) The Court dismissed these allegations, without leave to amend. (*Id.* at 5.) The Court allowed Plaintiff leave to amend on his Fourteenth Amendment access to courts and due process in disciplinary hearings claims. (*Id.* at 5-7.)

Plaintiff has now filed an amended complaint. (ECF No. 18.) Once again, Plaintiff's amended complaint focuses on a "conspiracy" between the states of Massachusetts and Nevada involving taking Plaintiff's money and stealing his identity

*///*

through "food and medication servings, manipulated with brainwash and reverse psychology tactics." (*Id.* at 8.)

Plaintiff has not alleged any facts to further support his Fourteenth Amendment claims that the Court allowed him leave to amend on. (ECF No. 6 at 5-7.) While he continues to allege that the grievance proceedings have been sabotaged and obstructed, there are no facts alleged in support of such statements. Instead, Plaintiff's entire amended complaint contains fanciful, and nearly incomprehensible, allegations, such as: "The entire cert, psyche, medical, administration, education, and maintenance departments and countless correctional officers are guilty for their involvement in the 'scheme operation' that employs 'sadistic systems' including ill treatment, acting negligent and indifference towards injustices caused by them, alienation, the deprivation of one own funds, invasion of privacy by placing unfriendly inmates in my business, denying me equal protection of the law and due process, while subjecting me to three assaults, slavery and involuntary servitude, rigging and auctioning everything I do with an underlined meaning or consent to their 'sadistic systems' include the mere receipt of items and necessities (this includes food, mail, soap, toilet paper, etc.) taking a shower, signing grievances addressing the injustices or the signing of any document, manipulated with brainwash, reverse psychology, and identity theft tactics." (ECF No. 18 at 11.)

Plaintiff's entire complaint is frivolous because it lacks an arguable basis in law and fact. The Court must dismiss, *sua sponte*, frivolous claims that are based on fanciful allegations (e.g., fanciful or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

Because Plaintiff's amended complaint is frivolous and the defects cannot be cured by amendment, the Court dismisses this action with prejudice.

## III.   PENDING MOTIONS

Plaintiff has filed numerous motions. Plaintiff's motion to amend his complaint and notice of receipt of amended complaint (ECF Nos. 15, 20) are denied as moot. The

Court received Plaintiff's amended complaint (ECF No. 18) and has now screened it. The Court will grant Plaintiff's motion for copy of his first amended complaint (ECF No. 26).

Plaintiff has filed numerous motions to "add conspirators" to his case and "for extended exhibits" to be considered (ECF Nos. 28, 29, 35, 36). The allegations in these motions relate to the Defendants' continued activity in the "scheme operation" that is addressed in Plaintiff's amended complaint. The Court denies these motions as frivolous, for the same reasons discussed above regarding Plaintiff's amended complaint.

Plaintiff has also filed several motions requesting that sanctions be imposed (ECF Nos. 27, 36, 38, 39). Plaintiff's request for sanctions is also based on allegations of the Defendants' continued activity in the "scheme operation that is manipulated with incomprehensible tactics." (ECF Nos. 39). Again, the Court finds the allegations in these motions to be frivolous and Plaintiff's requests for sanctions are denied.

## IV.    CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that Plaintiff's amended complaint (ECF No. 18) is dismissed in its entirety, with prejudice, for failure to state a claim and as frivolous.

It is further ordered that Plaintiff's motion to amend his complaint (ECF No. 15) and notice of recipe of amended complaint (ECF NO. 18) are denied as moot.

It is further ordered that Plaintiff's motion for copy of his first amended complaint (ECF No. 26) is granted. The Clerk of the Court will send Plaintiff a copy of his first amended complaint (ECF No. 18).

It is further ordered that Plaintiff's motion for audio/video evidence to be preserved (ECF No. 21) is denied.

It is further ordered that plaintiff's motions to add conspirators and for extended exhibits to be considered (ECF Nos. 28, 29, 35, 36) are denied as frivolous.

It is further ordered that Plaintiff's motions for sanctions (ECF Nos. 27, 36, 38, 39) are denied as frivolous.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 13th day of May 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE